## THE PEOPLE, *ex rel.* Agnew and others, Commissioners of Docks, *vs.* ANDREW H. GREEN, Comptroller.

The commissioners of docks, in the city of New York, have authority to expend, annually, upon the docks, piers and bulkheads of the city, under the provisions of the charter, a sum not exceeding three millions of dollars, for which the comptroller is directed to issue and sell the bonds of the city to that amount.

There is no control over that board, as to the purposes for which the moneys are to be expended, or the amount to be applied to each purpose; provided they confine their expenditures to the objects specified in the statute.

As respects the mode in which the commissioners are to draw the money from the comptroller, it is proper that in making a requisition upon him, they should state the purpose for which money is required, viz: if money is required for the payment of salaries and employees, they should make their requisition of a gross sum for that purpose. In like manner for repairs, or for rebuilding bulkheads, or new piers, or the purchase of land, or for any other purpose within the law.

Beyond this, the statute does not require any account, in the requisition. It does not require bills to be transmitted to the comptroller; nor has he any right to insist upon paying their employees.

Upon such a statement as that above mentioned, of the purposes for which the various sums are required, the comptroller is bound to comply with the requisition, and pay over the money to the commissioners, in a gross sum, to be expended by them in their discretion, for the purposes for which it is drawn.

The several provisions of the charter which place the finances of the city under the control of a single head, require that the commissioners of docks should present, with their requisitions, the proper vouchers, to be audited and approved as provided in respect to other claims and accounts in which the corporation is concerned as debtor. *Per* DAVIS, J.

APPEAL from an order made at a Special Term, denying a motion made by the relators, for a mandamus to the comptroller of the city of New York, requiring him to pay over to the relators, as commissioners of docks, certain moneys for which they had made a requisition upon him. The motion was denied upon the ground that the requisition was not accompanied by any certificate or statement of the purposes for which the money was required.

The People *v.* Green.

INGRAHAM, P. J.    There can be no doubt but that the commissioners of docks have authority to expend annually, upon the docks, piers and bulkheads of the city, under the provisions of the charter, a sum not exceeding three millions of dollars, for which the comptroller is directed to issue and sell the bonds of the city to that amount.

Nor is there any control over that board, as to the purposes for which the moneys are to be expended, or the amounts to be applied to each purpose; provided they confine their expenditures to the objects specified in the statute.

The only question leading to this controversy is, as to the mode in which they are to draw the moneys from the comptroller.    The statute prescribes that they shall be drawn out and paid by the comptroller for the *several objects* and *purposes* provided in the act.    In making the requisition, it is proper that the commissioners should state the purpose for which money is required, viz : if money is required for the payment of salaries and employees, they should make their requisition of a gross sum for that purpose.    In like manner for repairs, or for rebuilding bulkheads or new piers, or the purchase of land, or for any other purpose within the law.    Beyond this, the statute does not require any further account, in their requisition.    It does not require bills to be transmitted to the comptroller; nor has he any right to insist upon paying their employees.    These powers are vested, by law, in the board, and with the payment of such accounts the comptroller has no right to interfere.

We think that upon such a statement of the purposes for which the various sums are required, the comptroller is bound to comply with the requisition, and pay over the money to the commissioners, in a gross sum, to be expended by them in their discretion, for the purposes for which it is drawn.

The present order should be affirmed, without costs.

The People *v.* Green.

DAVIS, J. I concur in the result; to wit, that the order appealed from should be affirmed. But I am of the opinion that the several provisions of the charter which place the finances of the city under the control of a single head, require that the commissioners of docks should present with their requisitions the proper vouchers to be audited and approved, as provided in respect to other claims and accounts in which the corporation is concerned as debtor. I think the system of guards and checks provided against the improper drawing of money from the treasury, and the improvident expenditure thereof, was intended to be extended to all classes of expenditures by every department of the city. And I see no mode of protecting the city against unauthorized expenditures, by the commissioners of docks, except by applying the safeguards of audit and approval by the financial head. The powers claimed by the relators are inharmonious with the general system of finance created for the city, and open a wide door for fraudulent and irresponsible disbursements.

The order below having denied the application for a gross sum, should be affirmed, not only for the reason assigned by the Special Term, but also because the requisition was not accompanied by proper vouchers of expenditure.

Order affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, May 5, 1873. *Ingraham* and *Davis*, Justices.]